IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,642-02






EX PARTE DESHAWN MCGRAW, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-297-007770-0917808-B IN THE 297
TH DISTRICT COURT


FROM TARRANT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
on a public servant and sentenced to twenty-five years' imprisonment. The Tenth Court of Appeals
affirmed his conviction. McGraw v. State, No. 10-05-00173-CR (Tex. App.-Waco, delivered
January 25, 2006, pet. ref'd). 

 Applicant contends that trial counsel was ineffective for failing to investigate a police
videotape of the offense. In addition, applicant contends that the State failed to disclose the
videotape.

 The trial court adopted the State's proposed findings of fact and conclusions of law, and
recommended denying relief. We believe, however, that applicant has alleged facts that, if true,
might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13
S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection.
Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make additional findings of fact and conclusions of law in regard to
applicant's claims that counsel was ineffective and that the State failed to disclose a videotape of the
offense. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 13, 2006

Do not publish